UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MIRANDA, | No. C 08-2356 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| DERRAL ADAMS, warden, | |
| Respondent. | |

## INTRODUCTION

Rogelio Miranda, currently incarcerated at Corcoran State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

According to the habeas petition, Miranda was convicted in Santa Clara County Superior Court of one count of a lewd and lascivious act on a child under the age of 14, four counts of forcible lewd and lascivious acts on a child under the age of 14, and four counts of aggravated sexual assault on a child under the age of 14 by forcible foreign object penetration. On October 20, 2005, Miranda was sentenced to a total of 75 years to life in prison.

Miranda appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges several claims. First, Miranda challenges the definitions of hardship and duress used in the trial court, and appears to claim that (a) the jury instructions violated his right to due process and (b) his right to due process was violated because there was insufficient evidence of duress. Liberally construed, this claim is cognizable in a federal habeas action.

Second, Miranda alleges that the prosecutor committed misconduct by overcharging this case and obtaining a sentence of 76-to-life when the victim and the family requested a lesser sentence. He contends that the prosecutor's refusal to meet with or listen to the family and victim violated the Fourteenth Amendment Due Process Clause, citing Berger v. United States, 295 U.S. 78, 88 (1935). Petition For Review, pp. 18-19. This claim will be dismissed because there was no due process violation on the facts alleged. Berger is not factually on point, as it concerns prosecutorial misconduct in examination of witnesses and closing argument and provides no holdings for purposes of 28 U.S.C. § 2254(d) on the prosecutorial activities of which Miranda complains. Berger apparently was cited because it is the source of a rather well known passage about a prosecutor's duty, i.e., the U.S. Attorney's interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done. . . . . [W]hile he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to

use every legitimate means to bring about a just one." 295 U.S. at 88. In light of the requirements of 28 U.S.C. § 2254(d), Berger's general statements about a the prosecutor's duties to do justice cannot support habeas relief based on the novel proposition petitioner urges, i.e., that due process requires a prosecutor to yield to the wishes of the family and victim when the prosecutor decides how to charge a case and what sentence to seek. See Williams (Terry) v. Taylor, 529 U.S. 362, 412 (2000) ("clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." The allegations of the petition also come nowhere near suggesting the prosecutor went beyond the considerable discretion allowed to him in his prosecutorial capacity and engaged in any unconstitutional selective prosecution or prosecutorial vindictiveness. See United States v. Armstrong, 517 U.S. 456, 464 (1996). This claim is dismissed.

Third, Miranda alleges that his sentence of 75 years to life sentence violates his right to be free from cruel and unusual punishment. Liberally construed, the claim is cognizable in a federal habeas action and warrants a response.

Miranda also alleges several state law error claims, such as his claim that the state court erred in ruling that it lacked discretion to impose concurrent sentences instead of the consecutive sentences it did impose. An error in the application or interpretation of state law is not cognizable in a federal habeas action, because a federal court has jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The state law claims therefore are dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **November 21, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 2, 2009**. His traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee. (Docket # 2.)

IT IS SO ORDERED.

DATED: September 24, 2008

Marilyn Hall Patel
United States District Judge